UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AASMUND M. GODAL,<br><br>                    Plaintiff,<br><br>          -against-<br><br>CANDI J. FULOP,<br><br>                    Defendant. | 25-CV-9769 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Along with the Complaint, Plaintiff submitted a proposed unsigned order to show cause for a preliminary injunction and temporary restraining order. ECF No. 5. To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this stage in the proceedings, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. In particular, Plaintiff fails to allege a federal cause of action that the Court deems likely to succeed, given his reliance on a federal regulation that does not confer a private right of action.

*See Rabin v. U.S. Dep't of Health & Hum. Servs.*, No. 23-CV-402 (JMA) (SIL), 2024 WL 3344548, at *13 (E.D.N.Y. July 9, 2024), *appeal dismissed sub nom. Rabin v. United States Dep't of Health & Hum. Servs.*, No. 24-2971, 2025 WL 1364382 (2d Cir. May 9, 2025) (citing *Thomas v. Catlin*, 141 F. App'x 673, 674 (9th Cir. 2005) ("The district court properly held [plaintiff] failed to state a claim under 45 C.F.R. §§ 46.101, et seq., the federal statute regulating research involving human subjects, because the statute does not confer a private right of action.")). Accordingly, Plaintiff's request for an order to show cause, ECF No. 5, is denied without prejudice to renewal at a later date.

Dated: December 15, 2025
       New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge